UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **DRAKE RYAN WILSON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Criminal Case No. 20-cr-20077 |
| | ) Civil Case No. 2:24-cv-02204 |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**ORDER AND OPINION**

This matter is before the Court on Petitioner Drake R. Wilson's [203] Motion to Reconsider this Court's ruling [201] denying his Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Motion to Reconsider [203] is DENIED.

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact, or to present newly discovered evidence. *Caisse National de Credit v. CBI Indust.*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270. The Court considered Wilson's § 2255, the Government's Response and exhibits, and the record when it issued its March 14, 2025, Order, and has considered it again upon reconsideration. Wilson neither raises any manifest errors or fact or law, nor presents any newly discovered evidence. To the extent Wilson is now attempting to raise new ineffective assistance of counsel arguments not raised in his initial § 2255 Motion, the Court lacks jurisdiction to consider them. *See* 28 U.S.C. § 2255(a), (h); *see also Burton v. Stewart,* 549 U.S. 147, 152–53 (2007) (without authorization from the court of appeals, the district court has no jurisdiction to hear a second or successive § 2255 petition).

Additionally, Wilson's claim that he never received the Government's Response to his § 2255 Motion is not grounds for granting a motion to reconsider. Wilson states that he received the Court's Text Order granting the Government's Motion for Extension to Time to File a Response. (D. 203). That Text Order provided new deadlines for the Government to file a response and for Wilson to reply. In the event Wilson had not received the Government's Response by the ordered deadline, he could have reviewed the docket or contacted the Court. Furthermore, attached to the Government's Response is a certificate of service certifying that it was both electronically filed with the Court and mailed by USPS to Wilson. (D. 194, p. 18). Finally, the Court's Rule 4 Order did not state that the allegations in the Government's response would be taken as true if Wilson failed to file a reply. It stated, "the Court to take the allegations in the response to the Writ of Habeas Corpus as true except to the extent that the Judge finds from the evidence that they are not true." *See Text Order* on 11/25/2024.

For the reasons stated above, Petitioner's [203] Motion to Reconsider is DENIED. ENTERED this 9th day of May 2025.

/s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge